## THE H. B. MOORE, JR.

(Circuit Court of Appeals, Second Circuit. December 21, 1903.)

### No. 40.

**1. COLLISION—INSUFFICIENT MOORING—CONTRIBUTORY FAULT.**

A water boat made fast to the side of a yacht moored in North river to supply her with water at a time when, owing to the ebb tide and floating ice, there was more than ordinary danger. Through the insufficiency of her lines and the negligence of her master in leaving her, she broke away, and was carried astern by the tide, and struck and injured the yacht's launch, which hung in davits about five feet outboard. The owner of the yacht was on board, and observed and spoke of the lightness of the water boat's lines to hold her under the existing conditions, but went below without moving the launch, which hung a short distance astern of the water boat, and which could readily have been swung inward out of danger. *Held*, that he was chargeable with negligence contributing to the injury, which required a division of the resulting damages.

Appeal from the District Court of the United States for the Eastern District of New York.

See 116 Fed. 84.

This cause comes here upon appeal from a decree of the United States District Court for the Eastern District of New York in favor of libelant, entered in an action brought to recover damages sustained by him by reason of the negligence of the water boat Moore.

Le Roy H. Gove, for appellant.
Herbert Green, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The opinion of the district judge accurately states the facts attending the collision in question, and discusses the evidence on which the conclusion was reached that the Moore was in fault. It is unnecessary to add anything to said opinion, and we concur in said conclusion for the reasons stated by the district judge.

The single question to be considered on this appeal is the one raised in the answer, but not considered in the opinion of the district judge,

as to the negligence of the yacht in placing its launch, so that it projected beyond the side of the yacht. The launch was about 30 feet long and 5 feet beam, and was suspended from the yacht's davits about 5 feet outboard on the port side and about 150 feet or 160 feet aft of the yacht's stem. The stern of the water boat, after it had made fast to the yacht, was 80 or 100 feet forward of the forward end of the launch. The collision occurred on January 5, 1899. The yacht was in winter quarters, and out of commission or service, not having been used since October. When the water boat broke away under the pressure of the ebb tide and floating ice, her upper works collided with the launch. Had the latter not been hanging outboard, no damage would have resulted from the breaking of the lines, except possibly some trivial scratching of the yacht's paint. Watt, the owner, was present when the water boat made fast. He testified that he noticed the line looked chafed, and that he said to her captain: "I think your line is very light. You have got quite an ebb tide and a good deal of ice here in the river;" that when the captain said he thought it would hold, he (Watt) replied: "'All right, you are boss of the job,' or some such word;" and that thereupon he went below. By his own admission, therefore, he had reason to believe the lines were insufficient. He knew his launch was hanging outboard, where, in the event of the lines parting, she would in all probability be struck as the water boat swept down with the tide. It was a trifling matter to swing the launch inboard, and in neglecting to have that done when he was warned of impending peril we are clearly of the opinion that he did not exercise the caution of an ordinarily prudent man. His negligence in failing to secure the launch contributed to the collision, and was a fault which should require a division of the resulting damages.

The decree of the District Court is reversed, with costs, and the cause remanded, with instructions to enter a decree in conformity with this opinion.